# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5772 | **DATE** | 5/14/2001 |
| **CASE TITLE** | USA ex. rel. Tyrus Brunt vs. Roger D. Cowan | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing re-set for 7/27/2001 at 10:00 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: We find that the first claim of Brunt's habeas corpus petition is procedurally barred, but that his second claim may be reviewed. Respondent shall address the merits of Brunt's second claim, alleging counsel's ineffective assistance in failing to investigate witnesses and evidence of his hair length, in a pleading to be filed by 6/4/01. Brunt shall reply by 5/25/01. The status hearing set for 5/18/01 is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAY 16 2001 date docketed | 16 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | 15 docketing deputy initials | |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | | |
| | Copy to judge/magistrate judge. | 01 MAY 15 AM 8: 38. | 5/14/2001 date mailed notice | |
| GL courtroom deputy's initials | | Date/time received in central Clerk's Office | GL mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
MAY 16 2001

| | | |
|---|---|---|
| UNITED STATES EX REL. TYRUS BRUNT, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) | No. 00 C 5772 |
| ROGER D. COWAN, | ) ) ) ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, Chief Judge:

Tyrus Brunt petitions us for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he was denied a fair trial when the prosecutor made improper comments to the jury and that he received ineffective assistance of counsel. Respondent Roger D. Cowan, Warden of Menard Correctional Center, filed an answer claiming that federal review of Brunt's claims is procedurally barred. As explained below, we conclude that Brunt's claim of prosecutorial misconduct has been procedurally defaulted, but that we may review Brunt's claim of ineffective assistance of counsel.

### BACKGROUND

On July 22, 1994, Petitioner Tyrus Brunt was convicted in the Cook County Circuit Court of first degree murder; he is currently serving an 80-year sentence in the Menard Correctional Center. On direct appeal[1] Brunt alleged that improper comments made by the prosecutor during closing arguments at his trial constituted blatant misconduct and violated his right to a fair trial. The Illinois Appellate Court affirmed Brunt's conviction and sentence on February 18, 1997, and

---

[1] We omit claims asserted on direct and/or post-conviction appeal that are not included in Brunt's habeas petition.

the Illinois Supreme Court denied Brunt leave to appeal the appellate court's decision on June 4, 1997. *See* Resp. Ex. C, *People v. Brunt*, No. 1-94-3540.

Brunt filed a *pro se* petition for post-conviction relief with the Circuit Court of Cook County on November 10, 1997, alleging that his trial counsel was ineffective for failing to contact alibi witnesses and for failing to investigate facts that would have discredited two state's witnesses' identification of him as one of the perpetrators. The circuit court dismissed Brunt's post-conviction petition as frivolous and patently without merit on December 31, 1997. The Illinois Appellate Court affirmed the circuit court's decision on March 31, 2000. *See* Resp. Ex. K, *People v. Brunt*, No. 1-98-4314. On October 4, 2000, the Illinois Supreme Court denied Brunt's motion for leave to appeal the appellate court's affirmance of the trial court's dismissal of his post-conviction petition. Brunt filed his federal habeas petition with us on September 19, 2000.

## ANALYSIS

Section 2254 empowers a district court to entertain a petition for a writ of habeas corpus from a person in custody pursuant to the judgment of a state court on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Before the court can consider a state prisoner's habeas claims, the petitioner must demonstrate that he has exhausted all available state remedies and that he has not procedurally defaulted his claims in state court. *See Moleterno v. Nelson*, 114 F.3d 629, 633-34 (7th Cir. 1997). In his answer, the respondent argues that Brunt's claims are procedurally defaulted but does not contest that Brunt meets the exhaustion requirement.

To avoid procedural default, a state prisoner must fully and fairly present his claims in state court. *See Wilkinson v. Cowan*, 231 F.3d 347, 350 (7th Cir. 2000). Procedural default occurs when a petitioner failed to raise his claim with a state court or if the state court declined to address the merits of his claim due to his non-compliance with a state law requirement. *Coleman*

*v. Thompson*, 501 U.S. 722, 729-30, 111 S.Ct. 2546, 2554 (1991). Generally, when a state prisoner has defaulted his federal constitutional claims in state court on a state law ground that is independent and adequate to support the judgment, comity dictates that federal courts are bound by that holding. *See White v. Peters*, 990 F.2d 338, 340 (7th Cir. 1993). However, "if the last state court to be presented with a particular claim reaches the merits, it removes any bar to federal-court review that might otherwise have been available." *Ylst v. Nunnemaker*, 501 U.S. 797, 801, 111 S.Ct. 2590, 2593 (1991); *Jefferson v. Welborn*, 222 F.3d 286, 288 (7th Cir. 2000). When determining whether a state court addressed the merits of a petitioner's claim, federal courts must presume that there is no independent and adequate state law ground absent a clear indication to the contrary. *Coleman*, 501 U.S. at 735. Federal review is appropriate

> if the decision of the last state court to which the petitioner presented his federal claims fairly appeared to rest primarily on resolution of those claims, or to be interwoven with those claims, and did not clearly and expressly rely on an independent and adequate state ground. *Id.*

Federal courts may review habeas claims that have been procedurally defaulted if the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Id.* at 750. To show that a miscarriage of justice will occur if a procedural default is not excused requires proof that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 2649 (1986).

The Illinois Post-Conviction Hearing Act (IPCHA), 725 ILCS 5/122 et seq., provides for state review of criminal defendants' claims that their federal or state constitutional rights were violated in a proceeding that resulted in their conviction. An Illinois post-conviction petition must clearly set forth the ways in which the prisoner's constitutional rights were violated and must attach affidavits, records, or other evidence to support the petitioner's allegations. *See* 725 ILCS

5/122-2. Before appointing counsel or granting an evidentiary hearing, the circuit court examines the petition to ensure that it states the gist of a constitutional claim; cases that fail to meet this standard are dismissed. *See* 725 ILCS 5/122-2.1(a)(2) (authorizing trial court to summarily dismiss post-conviction petition without appointing counsel where the petition is frivolous or is patently without merit).

In the present case, on direct appeal the Illinois Appellate Court found that "defense counsel failed to make timely objections to the majority of the now complained about comments, waiving them for review." *See* Resp. Ex. C at 9. Brunt also waived review of the comments to which he objected at trial by failing to file written post-trial motions required to preserve the claims under Illinois law. *Id.* The court noted that, additionally, it had reviewed the prosecutor's comments and did not believe Brunt was denied a fair trial. *Id.* at 9-10.

When Brunt appealed the dismissal of his post-conviction petition, the appellate court addressed Brunt's argument that his trial counsel was ineffective for failing to investigate his assertion that he was "'somewhere else' and failing to 'speak with or request the appearance of possible defense witnesses who could attest to where the petitioner was at the time of the crime.'" Resp. Ex. K at 4 (quoting Brunt's post-conviction petition). Brunt had stated that if his petition was granted, affidavits from these witnesses would "soon follow." *Id.* Furthermore, Brunt asserted counsel should have investigated facts regarding his hair length at the time of the crime to "'offset' the testimony of a State's witness in that regard." *Id.*

Reviewing the circuit court's dismissal of Brunt's post-conviction petition *de novo*, the appellate court stated that, at the dismissal stage, courts should determine "whether the petition's allegations 'demonstrate a constitutional infirmity which would necessitate relief under the [Illinois Post-Conviction Hearing Act (IPCHA)].'" Resp. Ex. K at 4 (quoting *People v. Coleman*, 701 N.E.2d 1063, 1071, 183 Ill.2d 366, 380 (1998)); *see* 725 ILCS 5/122 et seq. Citing the IPCHA, which

4

authorizes trial courts to dismiss petitions that are frivolous or patently without merit, the appellate court noted that it would affirm a dismissal

> when the petition's allegations of fact, construed liberally in favor of the defendant and in light of the trial record, fail to make a substantial showing that defendant was imprisoned in violation of his constitutional rights. To survive summary dismissal, a petition is only required to present the gist of a meritorious constitutional claim and must be supported by affidavits, records or other evidence supporting the factual allegations. Resp. Ex. K at 4-5 (citations omitted).

To prevail on a claim of ineffective assistance of counsel, Brunt would have to prove that trial counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's sub-par performance, the outcome at trial would have been different. *See* Resp. Ex. K at 5 (citing *Coleman*, 701 N.E.2d at 1079, 183 Ill.2d at 397); *see also Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). Citing *People v. Dean*, 589 N.E.2d 888, 890, 226 Ill.App.3d 465, 468 (Ill. App. Ct. 1992), the appellate court pointed out that "[w]hen a defendant challenges counsel's competency for failing to interview or call a witness, he must attach the witness' affidavit showing the witness' potential testimony and explain its significance." Resp. Ex. K at 5. In this case,

> [d]efendant did not attach the affidavit of a single possible witness to his post-conviction petition. Moreover, he did not even state the identity of the alleged "possible defense witnesses" or the substance of their alleged alibi testimony. Accordingly, defendant's allegation failed to make the requisite showing of the gist of a meritorious constitutional claim. *Dean*, 226 Ill.App.3d at 468; *see also People v. Guest*, 166 Ill.2d 381, 402-03 (1995) (defendant offered no affidavits to support his allegation or to show what the witnesses would have contributed to his defense). *Id.* at 5.

The other basis for Brunt's post-conviction ineffective assistance of counsel claim was that his trial attorney failed to present evidence to refute eyewitnesses' identification of him. Brunt was implicated in the murder by three eyewitnesses who identified him as one of the people who shot the victim. One witness said Brunt's hair was long or "longer" at the time of the incident, while another had told police that the perpetrator's hair had curls or was curly. Brunt attached a

photograph to his post-conviction petition to demonstrate counsel's error in failing to present evidence that his hair was neither long nor curly at the time of the murder, thereby challenging the eyewitness identifications of him. Affirming the circuit court's dismissal of this claim, the appellate court held that even if a "discrepancy" existed in a witness's testimony about the length of defendant's hair, it was outweighed by the other two identifications; the court concluded that "in light of the overwhelming evidence against him, defendant has failed to state facts which could establish that he was prejudiced by this alleged error." Resp. Ex. K at 6. In conclusion, the court stated that the trial court was correct in dismissing Brunt's petition because Brunt had failed to state the gist of a meritorious constitutional claim that counsel rendered ineffective assistance.

Brunt's claim of blatant misconduct on the part of the prosecutor in allegedly making derogatory statements about trial counsel and in referring to Brunt as a criminal is procedurally barred. The appellate court dismissed this claim on the independent state law ground of waiver; its consideration of federal law implicit in the discussion of prejudice as additional support for its decision does not subject the decision to federal review because it is clear that the court based its decision first on waiver and only offered its opinion that Brunt had received a fair trial as an alternative to its primary holding. *Harris v. Reed*, 489 U.S. 255, 264 n. 10, 109 S.Ct. 1038, 1044 (1989).

Unless Brunt can establish cause for the failure to object to the comments at trial and in a written post-trial motion, and that this failure prejudiced him because the result would have differed in the absence of the comments (or that a miscarriage of justice would occur), we cannot review the claim. While Brunt has asserted that the ineffectiveness of trial counsel prevented him from making the proper objections, he has failed to demonstrate prejudice arising from his trial counsel's failure to object. A prosecutor is allowed wide latitude to comment on the evidence in his closing argument and it is not clear that the prosecution's comments were improper. *See*

*People v. Kliner*, 705 N.E.2d 850, 855, 185 Ill.2d 81, 151 (1998). Moreover, we agree with the state's argument that many of the comments to which Brunt objects were invited by remarks made by attorneys for Brunt and his co-defendants. As the appellate court noted, the trial court instructed the jury that closing arguments are not evidence and that any statement by an attorney not based on the evidence should be disregarded. There is nothing to indicate that, but for the prosecutor's comments, the jury would have found Brunt not guilty. Thus, Brunt cannot demonstrate prejudice as a result of his counsel's failure to object to the comments.

In addition, Brunt has not shown that a miscarriage of justice would result if we do not hear this claim. With his response to the respondent's answer, filed February 1, 2001, Brunt for the first time presented an affidavit naming his potential alibi witnesses and describing the substance of their purported testimony. Even if we consider this affidavit, there is still no evidence outside of Brunt's own statements to prove that the alibi witnesses exist or why Brunt's trial counsel chose not to interview them. Seven years ago, Brunt represented that he could "soon" obtain affidavits from the "potential defense witnesses"; today he offers no independent evidence, not even a letter from one of the seven people he claims saw him washing his car around the time of the murder, to corroborate his claims of innocence. Brunt has yet to offer an explanation for his failure to obtain an affidavit or even a sworn letter from any of these supposed witnesses, and his bare assertions that he is innocent do not constitute proof of this fact. Sworn statements from alibi witnesses would warrant our re-examination of the trial record, but Brunt's account of this potential evidence does not convince us that their testimony necessarily proves his innocence. Brunt contends that the alibi witness testimony would have countered the identification of the three state's witnesses who placed Brunt at the crime scene and identified him as a shooter; however, other witnesses testified at trial that they did not see Brunt at the scene and that he did not look like the shooter. The jury chose to believe the testimony of those who said Brunt was at the scene over that of witnesses who claimed he was not there; it is not clear that the jury

would have believed the testimony of additional witnesses claiming that Brunt was not at the crime scene. Thus, Brunt has not shown actual innocence and we will not excuse his procedural default of claims regarding prosecutorial misconduct.

In contrast, Brunt's second claim, that he was deprived of the effective assistance of trial counsel by counsel's failure to investigate, is not procedurally barred. It is not apparent on the face of the appellate court's opinion that it relied on an independent and adequate state law ground, rather than any consideration of the merits of the constitutional claim, to affirm the trial court's dismissal of this claim.

The appellate court reached the merits of Brunt's claim that his attorney was ineffective for failing to contradict eyewitness statements about his hair. It based its dismissal of that claim upon Brunt's inability to demonstrate prejudice, which is required to prove ineffective assistance under *Strickland*. See *Strickland*, 466 U.S. at 694. The basis for the appellate court's dismissal of Brunt's claim regarding counsel's failure to investigate alibi witnesses is less discernable; had the court relied upon Brunt's failure to provide witness affidavits as a reason to dismiss the claim without considering its merits, we would be prepared to recognize Illinois' interest in requiring petitioners to support their petitions with evidence as an independent and adequate state law basis for denial of the petition. However, by finding that the argument failed to state the gist of a meritorious constitutional claim, the court appeared to address Brunt's constitutional arguments and find them meritless because they were insufficiently supported by evidentiary materials. The court cited the lack of affidavits as a reason that the claim lacked merit; the viability of the claim seems intertwined with the lack of facts in support of it.

In addition, after discussing Brunt's claims regarding counsel's failure to investigate alibi witnesses and information about hair length, the court applied the same conclusion to both: that Brunt failed to state the gist of a meritorious constitutional claim. Aside from the fact that using the word "meritorious" implies consideration of the merits of both claims, *see United States ex rel.*

8

*Brooks v. Page*, 1997 WL 232764 at *3 (N.D. Ill. May 2, 1997), the fact that one of the claims to which the conclusion applied undoubtedly had been decided on the merits undermines the respondent's assertion that the appellate court did not consider the merits of the other claim. We find that we may review Brunt's ineffective assistance of counsel claims because the Illinois Appellate Court did not "clearly and expressly rely on an independent and adequate state ground" in rejecting either of his arguments thereunder. *See Coleman*, 501 U.S. at 735.

## CONCLUSION

For the reasons set forth above, we find that the first claim of Brunt's habeas corpus petition is procedurally barred, but that his second claim may be reviewed. Respondent shall address the merits of Brunt's second claim, alleging counsel's ineffective assistance in failing to investigate witnesses and evidence of his hair length, in a pleading to be filed by June 4, 2001.[2] Brunt shall reply by June 25, 2001. The status hearing scheduled for May 18 is stricken; a new status hearing is set for 10:00 a.m. on July 27, 2001. It is so ordered.

Marvin E. Aspen, District Court Judge

Dated: 5/14/01

---

[2] We also note that Brunt raised an issue regarding his sentence under *Apprendi* in his response brief. While it is unclear why he did not include this claim in his original habeas petition, we will treat it as an amendment to the petition. Respondent should not suffer any prejudice in the allowance of this amendment, as he has not yet responded to the merits of the allegations in Brunt's original habeas petition, and he may respond to all of the remaining claims in one pleading.

9