

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5772 | **DATE** | 2/19/2002 |
| **CASE TITLE** | USA ex. rel. Tyris Brunt vs. Jonathan R. Walls | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: We find that Brunt has procedurally defaulted his Apprendi claim because he did not raise it at trial or on direct appeal and he has not shown the necessary clause and prejudice for his failure to do so. We therefore deny Brunt's petition for a writ of habeas corpus. The status hearing set for 2/21/02 is stricken.
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | FEB 20 2002 | |
| | Notified counsel by telephone. | | date docketed | 23 |
| | Docketing to mail notices. | | LS | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 2/19/2002 | |
| | | | date mailed notice | |
| GL | courtroom deputy's initials | Date/time received in central Clerk's Office | GL mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES EX REL. TYRIS BRUNT, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | No. 00 C 5772 |
| JONATHAN R. WALLS, | ) ) ) | |
| Respondent. | ) | |

DOCKETED

FEB 2 0 2002

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, Chief Judge:

Tyris Brunt petitioned us for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he was denied a fair trial when the prosecutor made improper comments to the jury and that he received ineffective assistance of counsel. Respondent Jonathan R. Walls,[1] Warden of Menard Correctional Center, filed an answer claiming that Brunt's federal claims were procedurally defaulted. In our May 14, 2001 opinion, we held that Brunt's prosecutorial misconduct claim was procedurally defaulted but that we could review his ineffective assistance of counsel claim. Furthermore, we allowed Brunt to amend his petition to include a challenge to his sentence brought pursuant to the Supreme Court's recent decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). After considering the parties' supplemental submissions on these issues, we find that Brunt is not entitled to a writ of habeas corpus.

## BACKGROUND

On July 22, 1994, Brunt was convicted in the Cook County Circuit Court of first degree murder. He is currently serving an 80-year sentence in the Menard Correctional Center. On direct appeal, Brunt

---

[1] Walls has replaced Roger D. Cowan, the original respondent in this case, as Warden of Menard Correctional Center. Pursuant to Federal Rule of Civil Procedure 25(d)(1), we have substituted Walls as the respondent.



alleged that improper comments made by the prosecutor during closing arguments at his trial constituted blatant misconduct and violated his right to a fair trial. The Illinois Appellate Court, however, affirmed Brunt's conviction and sentence on February 18, 1997, and the Illinois Supreme Court denied Brunt leave to appeal the appellate court's decision on June 4, 1997.

Brunt filed a pro se petition for post-conviction relief with the Circuit Court of Cook County on November 10, 1997, alleging that his trial counsel was ineffective for failing to contact alibi witnesses and for failing to investigate facts that would have discredited the testimony of state witnesses who identified him as one of the perpetrators. The circuit court dismissed Brunt's post-conviction petition as frivolous and patently without merit on December 31, 1997, and the Illinois Appellate Court affirmed this decision. *See* People *v. Brunt*, No. 1-98-4314, slip op. (Ill. App. Ct. March 31, 2000). On October 4, 2000, the Illinois Supreme Court denied Brunt's motion for leave to appeal the dismissal of his post-conviction petition.

Having exhausted his state remedies, Brunt filed his federal habeas petition with us on September 19, 2000. He made two claims: first, that he was denied a fair trial when the prosecutor made improper comments to the jury; second, that his trial counsel was constitutionally ineffective in that he failed to investigate potential alibi witnesses and information about the length and style of Brunt's hair. On May 14, 2001, we held that Brunt had procedurally defaulted his prosecutorial misconduct claim but that we could review his ineffective assistance of counsel claim. *Brunt v. Cowan*, No. 00-C-5772, 2001 WL 521837, at *4-5 (N.D.Ill. May 16, 2001). Furthermore, we allowed Brunt to amend his petition to include a challenge to his sentence under Apprendi. Id. at *5 n.2.

DISCUSSION

A. Ineffective Assistance of Counsel

Brunt claims that his trial counsel's failure to investigate potential alibi witnesses and information about the length and style of Brunt's hair amounts to a violation of his Sixth Amendment right to the effective assistance of counsel. Walls renews his argument that this claim is procedurally

defaulted. In the alternative, Walls argues that since Brunt was not prejudiced by his counsel's alleged ineffectiveness, he is not entitled to habeas relief.

1. Procedural Default

Section 2254 empowers a district court to entertain a petition for a writ of habeas corpus from a person in custody pursuant to the judgment of a state court on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Before the court can consider a state prisoner's habeas claim, however, the petitioner must demonstrate that he has exhausted all available state remedies and that he has not procedurally defaulted his claim in state court. See *Moleterno v. Nelson*, 114 F.3d 629, 633-34 (7th Cir. 1997). Walls continues to maintain that Brunt has procedurally defaulted his ineffective assistance of counsel claim even though we rejected this argument in our earlier opinion.

Although Walls does not specify the legal grounds for his attempt to re-litigate this issue, we presume that he is asking us to reconsider our earlier judgment. Since this motion for reconsideration (such that it is) was filed more than ten days after the entry of the judgment, the motion must be evaluated under Fed.R.Civ.P. 60(b). See *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992) ("substantive motions to alter or amend a judgment served more than ten days after the entry of judgment are to be evaluated under Rule 60(b)"). Rule 60(b) identifies six grounds under which a motion to alter or amend a judgment may be brought.[2] Walls does not suggest that any of the first five grounds for Rule 60(b) reconsideration apply. Indeed, he is simply arguing that we reached an incorrect legal conclusion in our earlier opinion. Walls might claim that the sixth "catch-all" provision provides for relief from errors of law, but a motion seeking the "correction of errors of law . . . is not of the type

---

[2] These grounds are: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b).

contemplated by Rule 60." *Hahn v. Becker*, 551 F.2d 741, 745 (7th Cir. 1977). If Walls believed that our earlier judgment was legally incorrect, he should have filed a Rule 59(e) motion within ten days of entry of the judgment. See *United States Labor Party v. Oremus*, 619 F.2d 683, 687 (7th Cir. 1980) ("Rule 59(e) motion to alter or amend a judgment properly may be used to ask a district court to reconsider its judgment and correct errors of law"). He cannot now re-litigate this issue, and his putative motion to alter or amend the judgment is therefore denied.

Nevertheless, we will take this opportunity to correct a fundamental misunderstanding of Illinois law evident in Walls' brief. The Illinois Post-Conviction Hearing Act (IPCHA), 725 ILCS 5/122 et *seq.*, provides for state review of criminal defendants' claims that their federal or state constitutional rights were violated in a proceeding that resulted in their conviction. An Illinois post-conviction petition must clearly set forth the ways in which the prisoner's constitutional rights were violated and must attach affidavits, records, or other evidence to support the allegations or else adequately explain the failure to do so. *See* 725 ILCS 5/122-2. Before appointing counsel or granting an evidentiary hearing, the circuit court first examines the petition to ensure that it states the "gist of a constitutional claim." *See* People v. *Gaultney*, 174 Ill.2d 410, 418 (Ill. 1996). Cases that fail to meet this standard are summarily dismissed as "frivolous or . . . patently without merit." 725 ILCS 5/122-2.1(a)(2). Only after surviving this initial review does a petitioner receive appointed counsel and an evidentiary hearing.

Brunt's petition did not survive this initial review – the circuit court dismissed his petition as frivolous and patently without merit, and the appellate court affirmed. In his original filing before this court, Walls maintained that Brunt's failure to attach affidavits to his petition as required by the IPCHA constituted an independent and adequate state law ground for the dismissal, thereby preventing federal review of his ineffective assistance of counsel claim. *See* Ans. at 6-8. Indeed, if the appellate court had rested its dismissal of Brunt's petition on this procedural ground, we would have held that Brunt's claim was procedurally defaulted. We found, however, that the appellate court had reached the m*erits* of Brunt's claim, thereby permitting federal review. See Brunt, 2001 WL 521837, at *5.

Walls now maintains that a dismissal of a petition at that initial stage of the proceedings can never be a decision on the merits. *See* Suppl. Ans. at 4 ("a dismissal of a post-conviction petition at

contemplated by Rule 60." *Hahn v. Becker*, 551 F.2d 741, 745 (7th Cir. 1977). If Walls believed that our earlier judgment was legally incorrect, he should have filed a Rule 59(e) motion within ten days of entry of the judgment. See *United States Labor Party v. Oremus*, 619 F.2d 683, 687 (7th Cir. 1980) ("Rule 59(e) motion to alter or amend a judgment properly may be used to ask a district court to reconsider its judgment and correct errors of law"). He cannot now re-litigate this issue, and his putative motion to alter or amend the judgment is therefore denied.

Nevertheless, we will take this opportunity to correct a fundamental misunderstanding of Illinois law evident in Walls' brief. The Illinois Post-Conviction Hearing Act (IPCHA), 725 ILCS 5/122 et *seq.*, provides for state review of criminal defendants' claims that their federal or state constitutional rights were violated in a proceeding that resulted in their conviction. An Illinois post-conviction petition must clearly set forth the ways in which the prisoner's constitutional rights were violated and must attach affidavits, records, or other evidence to support the allegations or else adequately explain the failure to do so. *See* 725 ILCS 5/122-2. Before appointing counsel or granting an evidentiary hearing, the circuit court first examines the petition to ensure that it states the "gist of a constitutional claim." *See* People v. *Gaultney*, 174 Ill.2d 410, 418 (Ill. 1996). Cases that fail to meet this standard are summarily dismissed as "frivolous or . . . patently without merit." 725 ILCS 5/122-2.1(a)(2). Only after surviving this initial review does a petitioner receive appointed counsel and an evidentiary hearing.

Brunt's petition did not survive this initial review – the circuit court dismissed his petition as frivolous and patently without merit, and the appellate court affirmed. In his original filing before this court, Walls maintained that Brunt's failure to attach affidavits to his petition as required by the IPCHA constituted an independent and adequate state law ground for the dismissal, thereby preventing federal review of his ineffective assistance of counsel claim. *See* Ans. at 6-8. Indeed, if the appellate court had rested its dismissal of Brunt's petition on this procedural ground, we would have held that Brunt's claim was procedurally defaulted. We found, however, that the appellate court had reached the m*erits* of Brunt's claim, thereby permitting federal review. See Brunt, 2001 WL 521837, at *5.

Walls now maintains that a dismissal of a petition at that initial stage of the proceedings can never be a decision on the merits. *See* Suppl. Ans. at 4 ("a dismissal of a post-conviction petition at

contemplated by Rule 60." *Hahn v. Becker*, 551 F.2d 741, 745 (7th Cir. 1977). If Walls believed that our earlier judgment was legally incorrect, he should have filed a Rule 59(e) motion within ten days of entry of the judgment. See *United States Labor Party v. Oremus*, 619 F.2d 683, 687 (7th Cir. 1980) ("Rule 59(e) motion to alter or amend a judgment properly may be used to ask a district court to reconsider its judgment and correct errors of law"). He cannot now re-litigate this issue, and his putative motion to alter or amend the judgment is therefore denied.

Nevertheless, we will take this opportunity to correct a fundamental misunderstanding of Illinois law evident in Walls' brief. The Illinois Post-Conviction Hearing Act (IPCHA), 725 ILCS 5/122 et *seq.*, provides for state review of criminal defendants' claims that their federal or state constitutional rights were violated in a proceeding that resulted in their conviction. An Illinois post-conviction petition must clearly set forth the ways in which the prisoner's constitutional rights were violated and must attach affidavits, records, or other evidence to support the allegations or else adequately explain the failure to do so. *See* 725 ILCS 5/122-2. Before appointing counsel or granting an evidentiary hearing, the circuit court first examines the petition to ensure that it states the "gist of a constitutional claim." *See* People v. *Gaultney*, 174 Ill.2d 410, 418 (Ill. 1996). Cases that fail to meet this standard are summarily dismissed as "frivolous or . . . patently without merit." 725 ILCS 5/122-2.1(a)(2). Only after surviving this initial review does a petitioner receive appointed counsel and an evidentiary hearing.

Brunt's petition did not survive this initial review – the circuit court dismissed his petition as frivolous and patently without merit, and the appellate court affirmed. In his original filing before this court, Walls maintained that Brunt's failure to attach affidavits to his petition as required by the IPCHA constituted an independent and adequate state law ground for the dismissal, thereby preventing federal review of his ineffective assistance of counsel claim. *See* Ans. at 6-8. Indeed, if the appellate court had rested its dismissal of Brunt's petition on this procedural ground, we would have held that Brunt's claim was procedurally defaulted. We found, however, that the appellate court had reached the m*erits* of Brunt's claim, thereby permitting federal review. See Brunt, 2001 WL 521837, at *5.

Walls now maintains that a dismissal of a petition at that initial stage of the proceedings can never be a decision on the merits. *See* Suppl. Ans. at 4 ("a dismissal of a post-conviction petition at

the first stage is not, and cannot be, a true determination of the merits of the claim"). This argument is plainly wrong. If a prisoner were to file a petition for post-conviction relief on the grounds that his constitutional right to effective assistance of a psychic had been violated, the circuit court would be right to dismiss the petition as frivolous and patently without merit. Nonetheless, this dismissal would be a determination on the merits – the state court in this case would rest its dismissal not on independent and adequate state law grounds, but rather on its determination that the federal constitutional claim was meritless. Therefore, the petitioner in this example would be entitled to federal habeas review of his claim.

The IPCHA certainly authorizes state courts to dismiss petitions that fail to comply with its procedural requirements, and federal review of such procedurally-defaulted petitions is prohibited. But where, as here, the state courts have reached the merits of his claim, a petitioner is entitled to federal habeas review. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991) ("if the last state court to be presented with a particular claim reaches the merits, it removes any bar to federal-court review that might otherwise have been available").³ We thus turn to the merits of Brunt's ineffective assistance of counsel claim.

## 2. The Merits

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"),⁴ a federal court may grant habeas relief only if the decision of the state courts "was contrary to, or involved an unreasonable

---

³Although Walls quotes extensively (and selectively) from Neal *v. Gramley*, 99 F.3d 841 (7th Cir. 1996), his reliance on this case is misplaced. In Neal, a prisoner filed a second post-conviction petition to challenge the effectiveness of his counsel in his first post-conviction petition. Although the state court reached the merits of his claim in denying the second petition, the Seventh Circuit held that the petitioner was not entitled to federal habeas review. Because there is no federal right to counsel in post-conviction proceedings, the second petition was pursued only on state law grounds, and therefore the state court's denial of the petition was necessarily based on independent and adequate state law grounds. *See id.* at 843-44. The fact that the state court reached the merits of Neal's claim was irrelevant because his claim was grounded entirely on state law. Brunt's claim, however, is based on federal law, so when a state court reaches the merits of his claim, he is entitled to federal habeas review. See Ylst, 501 U.S. at 801.

⁴The amendments to the habeas statute made by AEDPA apply in this case because Brunt filed his federal habeas petition after the effective date of AEDPA, April 25, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997) (holding that AEDPA generally applies only to cases filed after the effective date of the Act).

application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The Supreme Court clarified this standard in *Williams v. Taylor*, 529 U.S. 362 (2000). A decision is contrary to federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours." Id. at 405. A decision is an unreasonable application of federal law "if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 408.

Brunt does not claim that the Illinois courts applied the incorrect legal rule, so the present case does not fall under the "contrary to" clause of § 2254(d)(1). *See* id. at 406 ("a run-of-the-mill state-court decision applying the correct legal rule from our cases to the facts of a prisoner's case would not fit comfortably within § 2254(d)(1)'s 'contrary to' clause"). Rather, Brunt's case falls under the "unreasonable application" clause of § 2254(d)(1) – he argues that the Illinois courts in denying his petition for post-conviction relief unreasonably applied existing Supreme Court precedent regarding the effective assistance of counsel. Since the question is not whether the state court decision was correct but rather whether the decision was objectively unreasonable in light of clearly established federal law, id. at 411, we defer to reasonable state court decisions. *Anderson v. Cowan*, 227 F.3d 893, 896-97 (7th Cir. 2000).

To establish ineffective assistance of counsel, a petitioner must show that his counsel's representation fell below an objective standard of reasonableness and that this deficient performance prejudiced his defense.[5] *Dixon v. Snyder*, 266 F.3d 693, 700 (7th Cir. 2001) (citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)). When a petitioner fails to establish one of these prongs,

---

[5]The Illinois Appellate Court defined the "prejudice" prong of this test as follows: "a defendant must show that . . . but for [counsel's] deficient performance, the result of the proceeding would have been different." *See* People v. *Brunt*, No. 1-98-4314, slip op. at 5 (citing People v. *Coleman*, 183 Ill.2d 366, 397 (Ill. 1998)). The Supreme Court defines the prejudice prong as follows: "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Since Brunt does not suggest that these are different legal standards, we need not consider this question.

6

a court may deny the petition without considering the other prong. *Hough v. Anderson*, 272 F.3d 878, 890 (7th Cir. 2001). In denying Brunt's petition for post-conviction relief, the Illinois Appellate Court, bypassing the first prong, held that Brunt had not shown that the alleged ineffective assistance of counsel prejudiced his defense. *People v. Brunt*, No. 1-98-4314, slip op. at 5-6. We find that the appellate court's decision was a reasonable application of federal constitutional law, and thus as to this claim we deny Brunt's petition for habeas relief.

Brunt argues that he would not have been convicted if his trial counsel, Clinton O. Sims, had called several alibi witnesses. The Illinois Appellate Court held that since Brunt "did not attach the affidavit of a single possible witness to his post-conviction petition" and "did not even state the identity of the alleged 'possible defense witnesses' or the substance of their alleged alibi testimony," he had failed to show that he had been prejudiced by the failure to call these unnamed alibi witnesses. *Id.* at 5. We find the appellate court's decision reasonable based on the evidence (or lack thereof) before it. Four witnesses placed Brunt at the scene of the crime. *See* Tr. F-72-73 (Johnny Mabrey); F-179 (Tasha Mosby); G-5 (James Randle); G-145, 150-51 (Betty Davis). Two of these witnesses testified that they saw Brunt shoot the victim. See Tr. F-193 (Mosby); G-11-12 (Randle). Although Brunt claimed that there were witnesses who could provide him an alibi, he offered the Illinois Appellate Court absolutely no evidence of such witnesses.

The fact that Brunt has now submitted three sworn affidavits from witnesses who claim that he was not at the scene of the crime when it occurred does not change our conclusion. *See* Letter from Brunt to Court (May 31, 2001). Under § 2254(e)(2), a petitioner who has failed to develop the factual basis of his claim in state court may expand the record in federal court if "the factual predicate that could not have been previously discovered through the exercise of due diligence" and "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." See *Boyko v. Parke*, 259 F.3d 781, 790 (7th Cir. 2001) (extending the requirements governing requests for evidentiary hearings to requests to expand the record). Brunt offers no explanation for his failure to include the affidavits (or even the names) of potential alibi witnesses with

7

his post-conviction petition in November 1997. Indeed, Brunt first revealed the names of these potential alibi witnesses on February 1, 2001, see Resp. Ex. A-1, and finally submitted their affidavits on May 31, 2001. *See* Letter from Brunt to Court. The fact that Brunt waited more than three years to secure and bring to any court's attention these supposedly crucial affidavits demonstrates his lack of diligence.

Since Brunt is not entitled to expand the record, the question before us is simply the reasonableness of the state court decision at the time it was rendered. Given the fact that he did not submit a single affidavit from an alibi witness with his petition for post-conviction relief, and given the evidence against him in the trial record, it was reasonable for the Illinois Appellate Court to conclude that Brunt was not prejudiced by Sims's failure to call alibi witnesses.

Brunt also argues that he would not have been convicted if Sims had offered evidence about the length and style of Brunt's hair at the time of the crime. The Illinois Appellate Court, however, held that three positive identifications by eyewitnesses constituted such "overwhelming evidence against him" that he was not prejudiced by the failure to introduce information about his appearance. See *People v. Brunt*, No. 1-98-4314, slip op. at 6. Given the evidence before the appellate court, this decision was reasonable. One witness said Brunt's hair was longer at the time of the incident than at trial, while another testified that his hair had "curls." *See* Tr. G-89 (Randle); F-225 (Mosby). Brunt attached a photograph to his post-conviction petition to indicate Sims's error in failing to present evidence that his hair was neither longer nor curly at the time of the murder, thereby challenging the eyewitness identifications of him. The appellate court held that even if a "discrepancy" existed in Mosby's testimony about the style of Brunt's hair, it was outweighed by her positive identification of him as the shooter as well as two other eyewitness identifications.[6] *See* People *v. Brunt*, No. 1-98-4314, slip op. at 6. Moreover, we note that Mosby and Randle both testified that Brunt was wearing a hat during the incident, making any reliance on testimony about the length or style of his hair suspect. *See* Tr. F-225, F-238 (Mosby); G-102-103 (Randle). Given the number of eyewitnesses who

---

[6]Betty Davis, the third witness that the Illinois Appellate Court cited, did not testify that she actually saw Brunt shoot the victim. Rather, she testified that she saw Brunt holding a gun in the vacant lot where the shooting occurred. See Tr. G-149-151.

8

placed him at the scene and identified him as the shooter, it was reasonable for the Illinois Appellate Court to find that Brunt was not prejudiced by Sims's failure to present evidence regarding the length and style of Brunt's hair.

The Illinois Appellate Court was reasonable to reject Brunt's petition because he failed to show that he was prejudiced by his defense counsel's alleged ineffectiveness. We therefore deny Brunt's habeas petition with respect to his ineffective assistance of counsel claim.

B. Apprendi

Brunt argues that the 80-year sentence imposed by the state trial court judge in this case violated the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). In Apprendi, the Supreme Court held that the existence of any fact which increases a sentence beyond the statutory maximum must be found by a jury beyond a reasonable doubt. Brunt claims that at least part of his 80 year sentence was due to facts that should have been found by a jury under the Apprendi standard, and he therefore seeks a reduction in his sentence. Walls suggests that Brunt has procedurally defaulted his Apprendi argument because he did not raise it in the state courts. Even if it were not procedurally defaulted, Walls maintains that Apprendi is not retroactively applicable on collateral review. Because we find that Brunt procedurally defaulted this claim, we need not reach the question of Apprendi's retroactivity or the merits of Brunt's claim.[7]

Under the Illinois Unified Code of Corrections, a person convicted of first degree murder shall ordinarily be sentenced to a term between 20 and 60 years. 730 ILCS 5/5-8-1. However, where a judge finds certain aggravating factors to be present, he or she may extend the sentence to a term of between 60 and 100 years. 730 ILCS 5/5-8-2(1). One such aggravating factor exists where "the offense was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty." 730 ILCS 5/5-5-

---

[7] There is substantial doubt as to whether the holding in Apprendi is retroactive on collateral review. *See Ashley v. United States*, 266 F.3d 671, 674 (7th Cir. 2001) (noting that no Courts of Appeals have held that Apprendi is retroactive and that the Fourth, Eighth, and Ninth Circuits have held that it is not retroactive). Although the Seventh Circuit has given permission for district courts to determine whether Apprendi is retroactive on collateral review, id. at 674, we decline to do so here because the retroactivity of Apprendi is irrelevant if the claim has been procedurally defaulted.

9

3.2. Brunt, citing the transcript of his sentencing hearing, alleges that the judge sentenced him to an extended term because he found his crime to be "senseless, brutal, [and] heinous." Resp. ¶ 13. Brunt argues that the Court's decision in Apprendi requires that a jury decide whether his crime merited this aggravating factor.

Before the court can consider a state prisoner's habeas petition, however, the petitioner must demonstrate that he has exhausted all available state remedies and that he has not procedurally defaulted his claim. See *Moleterno v. Nelson*, 114 F.3d 629, 633-34 (7th Cir. 1997). To avoid procedural default, Brunt must have brought an Apprendi-type argument at trial or on direct appeal, or else he must show cause and prejudice for failing to do so. See Ashley *v. United States*, 266 F.3d 671, 674 (7th Cir. 2001); United States v. Smith, 241 F.3d 546, 549 (7th Cir. 2001). In this case, there is no question that Brunt failed to bring an Apprendi-type argument at the appropriate time – he first raised this argument in a response brief filed with this court on February 1, 2001. See Resp. ¶¶ 10-16. It therefore remains for us to determine whether Brunt has shown cause and prejudice for failing to bring this argument sooner.

Brunt has failed to show cause for failing to raise his *Apprendi*-type argument at trial or on direct appeal. To show cause, Brunt must prove that some "external impediment" prevented him from making the argument at trial or on direct appeal. See *Garrott v. United States*, 238 F.3d 903, 905 (7th Cir. 2001). The fact that *Apprendi* was decided just last year is not adequate cause for failing to raise the argument earlier – "the lack of precedent for a position differs from 'cause' for failing to make the legal argument." *Smith*, 241 F.3d at 548 (noting that "even when the law is against a contention, a litigant must make the argument to preserve it for later consideration"). Certainly the lack of any reasonable legal basis for a claim could constitute "cause," see *Reed v. Ross*, 468 U.S. 1, 16 (1984), but the foundation for Apprendi was laid as far back as 1970. See *Smith*, 241 F.3d at 548. Nor can he assert ineffective assistance of counsel for his attorney's failure to bring the argument. See *Valenzuela v. United States*, 261 F.3d 694, 700 (7th Cir. 2001) (describing such an argument as "meritless"); Smith, 241 F.3d at 548 (noting that an ineffective assistance of counsel argument based on counsel's failure to anticipate Apprendi would not be tenable); Lilly v. Gilmore, 988 F.2d 783,

10

786 (7th Cir. 1993) (noting that "[t]he Sixth Amendment does not require counsel to forecast changes or advances in the law"). Brunt could have made an *Apprendi*-type argument, and he does not contend that some outside force impeded his legal defense; he has therefore failed to establish cause for not raising this argument at trial or on direct appeal.

Furthermore, Brunt has not even made an attempt to demonstrate prejudice. To establish prejudice, he would have to show that no reasonable jury could have found the facts necessary to enhance his sentence. *Garrott*, 238 F.3d at 903. He has made no such argument, and for good reason – the evidence presented at trial demonstrates that while Brunt and others were assaulting a seventeen year-old boy, Michael Payton stopped his car and attempted to rescue the boy; Payton was shot in the back and ran; Brunt chased him, caught him, and shot him while he laid defenseless on the ground. We believe that a reasonable jury could have found that this was indeed "exceptionally brutal or heinous behavior indicative of wanton cruelty." Brunt has therefore failed to establish that he was prejudiced by his failure to offer this argument at trial or on direct appeal.

We find that Brunt has procedurally defaulted his Apprendi claim because he did not raise it at trial or on direct appeal and he has not shown the necessary cause and prejudice for his failure to do so. We therefore deny Brunt's habeas petition with respect to his Apprendi claim.

## CONCLUSION

For the reasons set forth above, we deny Brunt's petition for a writ of habeas corpus. It is so ordered.

MARVIN E. ASPEN
UNITED STATES DISTRICT JUDGE

Dated 2/19/02

11