# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5772 | **DATE** | 3/29/2002 |
| **CASE TITLE** | USA ex. rel. Tyrus Brunt vs. Jonathan R. Walls | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: We deny Brunt's motion for reconsideration (26-1), but we grant him a certificate of appealability (27-1) on the single issue of whether he received ineffective assistance of counsel.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| ✓ | Notices mailed by judge's staff. | | APR - 2 2002 date docketed | |
| | Notified counsel by telephone. | | | 28 |
| | Docketing to mail notices. | | IS docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 3/29/2002 date mailed notice | |
| GL | courtroom deputy's initials | Date/time received in central Clerk's Office | GL mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES EX REL. TYRUS BRUNT, )
)
                Petitioner, )
)
)
                v. )   No. 00 C 5772
)
)
JONATHAN R. WALLS, )
)
                Respondent. )

APR - 5 2002

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, Chief Judge:

Tyrus Brunt was convicted of murder in an Illinois state court and sentenced to 80 years. After exhausting his state remedies, he petitioned us for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he received ineffective assistance of trial counsel and that his sentence was imposed in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000). In our February 20, 2002 opinion, we denied Brunt's petition. See Brunt v. Walls, No. 00-C-5772, 2002 WL 252754, at *3-6 (N.D.Ill. Feb. 20, 2002). Presently before us is Brunt's motion to reconsider our previous ruling or, in the alternative, to issue a certificate of appealability on both of his claims. For the foregoing reasons, we deny the motion for reconsideration, but we grant a certificate of appealability on the issue of whether he was denied ineffective assistance of counsel.

## BACKGROUND

On July 22, 1994, Brunt was convicted in the Cook County Circuit Court of first degree murder. He is currently serving an 80-year sentence in the Menard Correctional Center. On direct appeal, Brunt alleged that improper comments made by the prosecutor during closing arguments at his trial constituted blatant misconduct and violated his right to a fair trial. The Illinois Appellate Court, however, affirmed Brunt's conviction and sentence on February 18, 1997, and the Illinois Supreme Court denied Brunt leave to appeal the appellate court's decision on June 4, 1997.



Brunt filed a pro se petition for post-conviction relief with the Circuit Court of Cook County on November 10, 1997, alleging that his trial counsel was ineffective for failing to contact alibi witnesses and for failing to investigate facts that would have discredited the testimony of state witnesses who identified him as one of the perpetrators. The circuit court dismissed Brunt's post-conviction petition as frivolous and patently without merit on December 31, 1997, and the Illinois Appellate Court affirmed this decision. See People v. Brunt, No. 1-98-4314, slip op. (Ill. App. Ct. March 31, 2000). On October 4, 2000, the Illinois Supreme Court denied Brunt's motion for leave to appeal the dismissal of his post-conviction petition.

Having exhausted his state remedies, Brunt filed his federal habeas petition with us on September 19, 2000. He made two claims: first, that he was denied a fair trial when the prosecutor made improper comments to the jury; second, that his trial counsel was constitutionally ineffective in that he failed to investigate potential alibi witnesses and information about the length and style of Brunt's hair. On May 14, 2001, we held that Brunt had procedurally defaulted his prosecutorial misconduct claim but that we could review his ineffective assistance of counsel claim. Brunt v. Cowan, No. 00-C-5772, 2001 WL 521837, at *4-5 (N.D.Ill. May 16, 2001). Furthermore, we allowed Brunt to amend his petition to include a challenge to his sentence under Apprendi. Id. at *5 n.2.

On February 20, 2002, we denied Brunt's amended petition. We held that the Illinois state appellate court which reviewed Brunt's post-conviction claims was reasonable to conclude that Brunt had not been prejudiced by his counsel's alleged ineffectiveness. Brunt, 2002 WL 252754, at *3-6. Moreover, we found that Brunt had procedurally defaulted his Apprendi claim by failing to raise the issue at trial or on direct appeal, and that he had failed to establish cause and prejudice for this failure. Id. at *6-7.

On February 25, 2002, Brunt filed a motion asking us to reconsider our previous ruling or, in the alternative, to issue a certificate of appealability on both of his claims. We have reviewed our previous ruling and found its legal conclusions to be correct. The motion for reconsideration is therefore denied. We now turn to Brunt's request for a certificate of appealability.

## DISCUSSION

### A. Standard of Review

A state prisoner must obtain a certificate of appealability ("COA") to appeal a final order denying a habeas petition. 28 U.S.C. § 2253(c)(1)(A). A district court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000), the Supreme Court explained how a district court should evaluate a request for a COA. When a district court has denied a petitioner's constitutional claims on procedural grounds without reaching the merits, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. at 484. When a district court has denied a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. We turn first to Brunt's *Apprendi* claim, which we denied on procedural grounds, and then address his ineffective assistance of counsel claim, which we denied on the merits.

### B. Apprendi

Brunt argued that the 80-year sentence imposed by the state trial court judge violated the Supreme Court's decision in *Apprendi*. In that case, the Court held that the existence of any fact which increases a sentence beyond the statutory maximum must be found by a jury beyond a reasonable doubt. *Apprendi*, 530 U.S. at 490. Brunt claimed that at least part of his 80 year sentence was due to facts that should have been found by a jury, and he therefore sought a reduction in his sentence.[1] We denied this petition, finding that Brunt had procedurally defaulted his *Apprendi* claim.

---

[1] Under the Illinois Unified Code of Corrections, a person convicted of first degree murder shall ordinarily be sentenced to a term between 20 and 60 years. 730 ILCS 5/5-8-1. However, where a judge finds certain aggravating factors to be present, he or she may extend the sentence to a term of between 60 and 100 years. 730 ILCS 5/5-8-2(1). One such aggravating factor exists where "the offense was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty." 730 ILCS 5/5-5-3.2. Brunt, citing the transcript of his sentencing hearing, alleged that the judge sentenced him to an extended term because he found his crime to be "senseless, brutal, [and] heinous." Resp. ¶ 13. Brunt

3

In order to obtain a COA on a claim dismissed on such procedural grounds, a petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Brunt has not shown that jurists of reason would find our procedural ruling debatable. Before a court can consider a state prisoner's habeas petition, the petitioner must demonstrate that he has exhausted all available state remedies and that he has not procedurally defaulted his claim. *See Moleterno v. Nelson*, 114 F.3d 629, 633-34 (7th Cir. 1997). To avoid procedural default, Brunt must have brought an *Apprendi*-type argument at trial or on direct appeal, or else he must show cause and prejudice for failing to do so. *See Ashley v. United States*, 266 F.3d 671, 674 (7th Cir. 2001); United *States v. Smith*, 241 F.3d 546, 549 (7th Cir. 2001). Brunt failed to bring an Apprendi-type argument at the appropriate time – he first raised this argument in a response brief filed with this court on February 1, 2001. *See* Resp. ¶¶ 10-16. Therefore, to avoid procedural default, Brunt needed to demonstrate cause and prejudice, but this he did not do. *See Brunt*, 2002 WL 252754, at *6-7 (explaining the grounds for this conclusion). Because we do not believe that jurists of reasons could find our procedural ruling debatable, we deny a COA for Brunt's Apprendi claim.

B. Ineffective Assistance of Counsel

Brunt claimed that his trial counsel's failure to investigate potential alibi witnesses and information about the length and style of his hair amounted to a violation of his Sixth Amendment right to the effective assistance of counsel. To establish ineffective assistance of counsel, a petitioner must show that his counsel's representation fell below an objective standard of reasonableness and that this deficient performance prejudiced his defense.[2] *Dixon v. Snyder*, 266 F.3d 693, 700 (7th Cir. 2001)

---

argued that the Court's decision in Apprendi required that a jury decide whether his crime merited this aggravating factor.

[2]The Illinois Appellate Court defined the "prejudice" prong of this test as follows: "a defendant must show that . . . but for [counsel's] deficient performance, the result of the proceeding would have been different." *See* People *v. Brunt*, No. 1-98-4314, slip op. at 5 (citing People *v. Coleman*, 183 Ill.2d 366, 397 (Ill. 1998)). The Supreme Court defines the prejudice prong as follows: "The defendant

4

(citing Strickland v. Washington, 466 U.S. 668, 687-88 (1984)). When a petitioner fails to establish one of these prongs, a court may deny the petition without considering the other prong. Hough v. Anderson, 272 F.3d 878, 890 (7th Cir. 2001). In denying Brunt's petition for post-conviction relief, the Illinois Appellate Court, bypassing the first prong, held that Brunt had not shown that the alleged ineffective assistance of counsel prejudiced his defense. People v. Brunt, No. 1-98-4314, slip op. at 5-6. Brunt argued that the Illinois Appellate Court unreasonably applied existing Supreme Court precedent regarding the effective assistance of counsel in denying his petition for post-conviction relief. See 28 U.S.C. § 2254(d)(1) (a federal court may grant habeas relief only if the decision of the state courts "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"); Slack, 529 U.S. at 408 (a decision is an unreasonable application of federal law "if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case").

We held that the Illinois Appellate Court's decision was a reasonable interpretation of federal law. See Anderson v. Cowan, 227 F.3d 893, 896-97 (7th Cir. 2000) (requiring district courts reviewing habeas petitions to defer to reasonable state court interpretations of federal law). We found that it was reasonable for the Illinois Appellate Court to conclude that Brunt was not prejudiced by his attorney's failure to call alibi witnesses given the fact that Brunt did not submit a single affidavit from an alibi witness with his petition for post-conviction relief and given the evidence against him in the trial record. Moreover, we found that it was reasonable for the Illinois Appellate Court to find that Brunt was not prejudiced by his attorney's failure to present evidence regarding the length and style of Brunt's hair given the number of eyewitnesses who placed him at the scene and identified him as the shooter.

---

must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. Since Brunt did not suggest that these are different legal standards, we did not consider this question.

Although we believe our ruling was correct, we remain concerned about the quality of representation that Brunt's attorney, Clinton O. Sims, provided at trial.[3] In fact, we have serious doubts about whether the assistance which Sims provided met the objective standard of reasonableness required by the Sixth Amendment.[4] The Illinois Appellate Court, however, did not reach this question because it found that Brunt had not been prejudiced by Sims' allegedly ineffective defense. In our earlier opinion, we found that this decision was reasonable in light of the fact that Brunt had failed to provide the Illinois Appellate Court with any affidavits from alibi witnesses despite ample opportunity to do so. With testimony from two witnesses who placed him at the scene of the crime and two witnesses who identified him as one of the shooters,[5] and without any affidavits contradicting this testimony, we believe that the Illinois Appellate Court could not reasonably find that Brunt had been prejudiced by his allegedly ineffective defense. Nonetheless, we believe that a reasonable jurist could find our assessment

---

[3]Three defendants were tried together before the same jury. Although each had separate counsel, it appears that the court considered George Howard, the attorney for Leanel Deere, to be lead counsel. See Tr. H-239 (Judge) ("But Mr. Howard I know you may be the lead counsel . . . ."). Moreover, it appears that Sims coordinated his activities to some degree with Howard. See Tr. H-240 (Sims) ("When I acquiesce and ask Mr. Howard to help me in any way possible . . . ."). This apparent arrangement poses some difficulties for determining who was responsible for providing Brunt with an adequate defense. However, since neither the Illinois Appellate Court nor the government have raised this issue, we will not consider it further.

[4]The government's case relied entirely on eyewitness testimony. Four witnesses placed Brunt at the scene of the crime. Johnny Mabrey identified Brunt as one of the persons who was at the scene of the beating that preceded the shooting. See Tr. F-72-81. Betty Davis testified that she saw Brunt holding a gun in the vacant lot where the shooting occurred. See Tr. G-149-151. Tasha Mosby and James Randle identified Brunt as one of the men who shot the victim. See Tr. F-193 (Mosby); G-11-12 (Randle). Brunt's defense was that he was not at the scene of the crime, but in his opening statement, Sims conceded that Brunt did not have an alibi. Tr. F-13-14. Brunt claims that he identified several alibi witnesses who would testify on his behalf and that Sims did not contact them. Despite their importance to Brunt's defense, Sims did not offer alibi witnesses on Brunt's behalf, perhaps because there were none, or perhaps because Sims failed to conduct a proper investigation as the Sixth Amendment requires. See Strickland, 466 U.S. at 691 (defense attorney has "a duty to make a reasonable investigation or to make a reasonable decision that makes particular investigations unnecessary"). Nor would it have been futile to call alibi witnesses. Although Randle testified that he saw co-defendant Kenneth Washington fire the first shot into the victim, Tr. G-10, Washington was acquitted. Washington's attorney had called several witnesses who testified that at the time the first shots were fired Washington kneeled down to protect his 12-year old sister and her friend. See Tr. H-166 (Jeffrey Bates); H-201 (Rachel Washington); H-214-215 (Erica Franklin). The jury was thus willing to listen to defense witnesses, but Sims did not call any.

[5]See Tr. F-72-81 (Mabrey); G-149-151 (Davis); F-193 (Mosby); G-11-12 (Randle).

of the reasonableness of this decision debatable. Cf. *Hampton v. Leibach*, 99-C-5473, 2001 WL 1518533 (Nov. 29, 2001) (granting habeas petition for ineffective assistance of counsel in case with similar factual circumstances). Indeed, this is precisely the sort of case which "deserve[s] encouragement to proceed further." *Slack*, 529 U.S. at 484 (quoting Barefoot *v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). We therefore grant Brunt a certificate of appealability on the issue of whether he received ineffective assistance of counsel.

## CONCLUSION

For the reasons set forth above, we deny Brunt's motion for reconsideration but we grant him a certificate of appealability on the single issue of whether he received ineffective assistance of counsel.

It is so ordered.

MARVIN E. ASPEN
UNITED STATES DISTRICT JUDGE

Dated 3/29/02

7